# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION
_____

WILLIAM LARRY KULICK,

       Petitioner,

v.                                                                                  Case No. 19-12493

OGEMAW COUNTY SHERIFF,

       Respondent.
_____/

## ORDER DENYING PETITIONER'S PENDING MOTIONS,
## DISMISSING THE PETITION WITHOUT PREJUDICE,
## AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the court on Petitioner William Larry Kulick's *pro se* habeas corpus petition. Also pending before the court is Petitioner's motion regarding the alleged infliction of cruel and unusual punishment in jail (ECF No. 3) and motion for discovery. (ECF No. 6.) For the reasons given below, the habeas petition will be dismissed without prejudice and the motions will be denied.

## I. BACKGROUND

Petitioner alleges that after he was charged with a driving offense, he posted bond and was told that the date of the next court proceeding would be mailed to him. Apparently, he did not receive notice of the next court date, and a warrant for his arrest was issued. He posted bond again and appeared as directed at the subsequent hearing.

Exhibits to the habeas petition indicate that, on July 16, 2019, Petitioner pleaded guilty in state district court to two counts of contempt. He was then sentenced to 93 days in jail for the first count and 20 days in jail for the second count. He was serving his

sentence in the Ogemaw County Correctional Facility when he filed the instant habeas corpus petition on August 26, 2019.

Petitioner claims that the state court deprived him of due process by failing to notify him of the next court date after his initial appearance in court. He seeks release from custody, monetary compensation for the expenses he incurred during the state-court proceeding, and dismissal of his state case. He also wants to penalize the parties involved in his state case.

In his motion alleging cruel and unusual punishment under the Eighth Amendment, Petitioner complains about the conditions in the jail where he is or was incarcerated. He contends that nothing was done about the swelling in his joints or the "cracks" in his fingers that developed during his incarceration and that medical personnel at the jail do not properly handle blood.

In his motion for discovery, Petitioner seeks a videotaped recording of the contempt proceeding that was held on July 16, 2019. He also seeks transcripts and all "discoverable information" related to that proceeding and earlier proceedings.

## II.  DISCUSSION

A preliminary question in any habeas case is whether the petitioner exhausted state remedies for his claims. The federal doctrine of exhaustion of state remedies requires state prisoners to present all their claims to the state courts before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of

the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. Thus, to be properly exhausted, each habeas claim must have been fairly presented to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). Federal district courts ordinarily must dismiss a habeas petition containing any unexhausted claims. *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (quoting *Rose v. Lundy*, 455 U.S. 509, 510, 522 (1982)).

Petitioner has not alleged that he exhausted any state remedies for his due process claim. To do so, he could have filed an application for leave to appeal in Ogemaw County Circuit Court. *See* Mich. Ct. R. 7.103(B). Although the 21-day deadline for filing an application for leave to appeal apparently has expired, a late application may be filed up to six months after entry of the judgment. *See* Mich. Ct. R. 7.105(A), (G).

Another remedy for challenging Petitioner's detention is a state complaint for the writ of habeas corpus. *See* Mich. Ct. R. 3.303. "[T]here is no limitation on the time in which a complaint for habeas corpus must be filed, as long as the prisoner will be in custody at the time judgment becomes effective." *Triplett v. Deputy Warden*, 371 N.W.2d 862, 865 (Mich. Ct. App. 1985). As further explained in *Triplett*,

> [t]he function of a writ of habeas corpus is to test the legality of the detention of any person restrained of his liberty. As a general rule, every person committed, detained, confined or restrained of his liberty for any criminal or supposed criminal matter may seek a writ of habeas corpus to inquire into the cause of the restraint.

*Id.* at 866 (internal citations omitted).

A state habeas corpus action may be brought in the state district court or state circuit court, and even though "[o]rders of denial in habeas corpus proceedings are not

3

appealable as of right," "[t]hey may be renewed by filing an original complaint in the Court of Appeals." *Id.* An appeal from the Michigan Court of Appeals may be made through an application for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.305.

If there is no available state remedy to exhaust, Petitioner's claim is procedurally defaulted, and the court may not review his claim absent a showing of cause and actual prejudice. *Carruthers v. Mays*, 889 F.3d 273, 288 (6th Cir. 2018), *cert. denied*, 139 S. Ct. 1173 (2019). Based on this standard, Petitioner's petition may also be dismissed because he has not demonstrated cause for his failure to exhaust state remedies for his claim or actual prejudice.

The court will also deny Petitioner's "Motion re Cruel and Unusual Punishment." The motion is a challenge to the conditions of confinement, and the proper remedy for a constitutional challenge to the conditions of prison life is a complaint under 42 U.S.C. § 1983, not a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1994).

### III. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court dismisses a petition on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*,

529 U.S. 473, 484–85 (2000). The court concludes that reasonable jurists would not debate the correctness of the court's ruling. Accordingly, a certificate of appealability will be denied.

## IV.  CONCLUSION

Petitioner has not demonstrated that he exhausted any state remedies for his constitutional claim. Even if an available state remedy no longer exists, he has not shown "cause" for his failure to exhaust state remedies and actual prejudice. Accordingly,

IT IS ORDERED that the habeas corpus petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS ORDERED that Petitioner's motion regarding the infliction of cruel and unusual punishment (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that Petitioner's motion for discovery (ECF No. 6) is DENIED as moot.

Finally, IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2019, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\HEK\Staff Attorney\19-12493.KULICK.2254.BH.HEK.docx